UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

JEFFERY MATTHEWS                    CIVIL ACTION NO. 6:18-cv-01527

VERSUS                              JUDGE JUNEAU

MAYOR APRILL FOULCARD,              MAGISTRATE JUDGE HANNA
ET AL.

## REPORT AND RECOMMENDATION

Currently pending is the defendants' reurged motion to dismiss.  (Rec. Doc. 23).  The motion is opposed.  The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.  Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that the motion should be granted and this lawsuit should be dismissed with prejudice.

## Factual Background of this Case

The plaintiff, Jeffrey Matthews, filed suit in Louisiana state court in July 2018, alleging that he was wrongfully terminated from his employment as the police chief in Jeanerette, Louisiana.  The defendants removed the suit to this court.  According to his complaint, Mr. Matthews was employed as Jeanerette's chief of police from August 2015 to August 2017, and for four months in 2016, he simultaneously served as the city's interim fire chief.  In July 2017, Jeanerette Mayor Aprill Foulcard

allegedly instructed Mr. Matthews to fire two police department employees, and he did so. Members of the Jeanerette Board of Aldermen were allegedly upset with the firings and, after two special meetings of the board were held, the board voted on August 7, 2017 to remove Mr. Matthews as the police chief.

In his complaint, Mr. Matthews alleged that he was wrongfully terminated from his position as Jeanerette's police chief, denied overtime pay, and denied pay earned while he was the interim fire chief. He asserted a claim under 42 U.S.C. § 1983, contending that his First Amendment rights were violated when he was fired after testifying truthfully that the mayor told him to fire the two police department employees. He also asserted state court causes of action for abuse of rights, intentional infliction of emotional distress, defamation, tortious interference with contract, and conspiracy to commit intentional torts. In a parallel bankruptcy proceeding, the claims asserted by Mr. Matthews in this lawsuit were settled by the bankruptcy trustee.

## **The Bankruptcy Proceeding**

Approximately six months before he filed this lawsuit, Mr. Matthews filed for Chapter 7 bankruptcy protection. (Rec. Doc. 1 in Case No. 18-50065 of the Bankruptcy Court for the Western District of Louisiana). In documents filed with the bankruptcy court, under oath, and on penalty of perjury, he denied that he had any claims against any third parties, specifically including any employment disputes.

(Rec. Doc. 11-3 at 12; Rec. Doc. 1 in Case No. 18-50065 at p. 14). The bankruptcy court appointed Elizabeth Andrus as the trustee. (Rec. Doc. 4 in Case No. 18-50065 at p. 1). Mr. Matthews was discharged in bankruptcy in May 2018 (Rec. Doc. 16 in Case No. 18-50065), and the bankruptcy proceeding was closed in June 2018 (Rec. Doc. 18 in Case No. 18-50065).

After this lawsuit was filed and Mr. Matthews became aware that he had not disclosed the claims asserted in this lawsuit in the bankruptcy proceeding, Mr. Matthews requested, in January 2019, that the bankruptcy proceeding be reopened in order to add the claim for his alleged wrongful termination to his schedules. (Rec. Doc. 19 in Docket No. 18-50065). The case was reopened (Rec. Doc. 22 in Case No. 18-50065), and amended schedules were filed (Rec. Doc. 24 in Case No. 18-50065). On April 2, 2019, the bankruptcy court issued an order authorizing the trustee to settle Mr. Matthews's claims related to his allegedly wrongful termination for the sum of $7,500. (Rec. Doc. 33 in Case No. 18-50065). Mr. Matthews appealed that ruling in an action styled *Jeffery L. Matthews v. Elizabeth G. Andrus*, Civil Action No. 19-cv-00680, on the docket of the United States District Court for the Western District of Louisiana. On December 23, 2019, the court affirmed the bankruptcy court's approval of the settlement. (Rec. Doc. 15 in Case No. 19-cv-00680). Therefore, the claims asserted in this lawsuit have already been settled.

3

## Law and Analysis

The defendants seek dismissal of this lawsuit on the basis that Mr. Matthews lacks standing to assert his claims. Other bases for dismissal of the suit were also articulated by the defendants. Finding that the plaintiff lacks standing to bring his claims, this Court pretermits consideration of the defendants' other arguments and recommends that Mr. Matthews's claims be dismissed with prejudice because they have already been compromised.

The defendants argued that Mr. Matthews lacks standing to prosecute this lawsuit because he is not the real party in interest under Federal Rule of Civil Procedure 17(a). The question of standing focuses on whether a litigant is entitled to have the court decide the merits of the dispute presented in his lawsuit.[1] "The standing doctrine defines and limits the role of the judiciary and is a threshold inquiry to adjudication."[2] "The inquiry has two components: constitutional limits, based on the case-and-controversy clause in Article III of the Constitution; and prudential limits, crafted by the courts."[3] The "real party in interest" requirement of

---

[1] *Justice v. Hosemann*, 771 F.3d 285, 291 (5th Cir. 2014); *Moore v. Tangipahoa Parish School Board*, 771 Fed. App'x 540, 543 (5th Cir. 2019) (citing Warth v. Seldin, 422 U.S. 490, 498 (1975)).

[2] *McClure v. Ashcroft*, 335 F.3d at 408.

[3] *McClure v. Ashcroft*, 335 F.3d at 408.

Rule 17(a) "is in essence a codification of the prudential standing requirement that a litigant cannot sue in federal court to enforce the rights of third parties."[4] Consistently, the principle that a Chapter 7 debtor lacks standing to pursue claims belonging to the bankruptcy estate implicates prudential standing.[5] "Unlike a dismissal for lack of constitutional standing, which should be granted under Rule 12(b)(1), a dismissal for lack of prudential or statutory standing is properly granted under Rule 12(b)(6)."[6] Accordingly, the defendants' motion is properly analyzed under Fed. R. Civ. P. 12(b)(6).

## A.     The Rule 12(b)(6) Standard

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[7] Although a complaint need not include detailed factual allegations, the plaintiff must provide more than labels, conclusions, or a formulaic recitation of the elements of a cause of action.[8] If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from

---

[4]     *Pyramid Transp., Inc. v. Greatwide Dallas Mavis, LLC*, No. 3:12-CV-0149-D, 2013 WL 3834626, at *2 (N.D. Tex. July 25, 2013) (citing *Ensley v. Cody Res., Inc.*, 171 F.3d 315, 320, 320 n. 10 (5th Cir. 1999)).

[5]     See *St. Paul & Marine Ins. Co. v. Labuzan*, 579 F.3d 533, 539, 544 (5th Cir. 2009).

[6]     *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795, n. 2 (5th Cir. 2011).

[7]     *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007).

[8]     *Bell Atlantic v. Twombly*, 550 U.S. at 555 (citations, quotation marks, and brackets omitted; emphasis added).  *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

conceivable to plausible, [his] complaint must be dismissed."[9]  A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10]  Therefore, a complaint must contain enough factual matter on its face to raise a reasonable expectation that discovery will reveal relevant evidence of each element of the plaintiff's claim.[11]

The general rule is that a court considering a Rule 12(b)(6) motion cannot look beyond the pleadings and the attachments to the pleadings.[12]  When a party presents matters outside the pleadings, however, the court has "complete discretion" to either accept or exclude the evidence for purposes of resolving the motion.[13] Generally, when matters outside the pleadings are presented to and not excluded by the court, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material

---

[9]      *Bell Atlantic v. Twombly*, 550 U.S. at 570.

[10]     *Ashcroft v. Iqbal*, 556 U.S. at 678.

[11]     *Lormand v. US Unwired, Inc*., 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. at 556).  See also *In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir. 2008).

[12]     *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[13]     *Isquith ex rel. Isquith v. Middle S. Utils., Inc*., 847 F.2d 186, 194 n. 3, 196 (5th Cir.1988); accord *Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 Fed. App'x 775, 783 (5th Cir. 2007).

that is pertinent to the motion."[14]   However, it is "clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record"[15] without converting the motion to dismiss into a motion for summary judgment.[16]   Therefore, the documents comprising the record in Mr. Matthews' bankruptcy proceeding and those comprising the record in Mr. Matthews's other case in this forum may be judicially noticed in resolving the issue of Mr. Matthews's standing to bring this lawsuit[17] without converting the instant motion into a motion for summary judgment.

## B.   **Mr. Matthews Lacks Standing**

Filing a bankruptcy proceeding creates an estate comprised of the debtor's property, including "all legal or equitable interests of the debtor in property as of the commencement of the case."[18]   The phrase "all legal or equitable interests" is

---

[14]    Fed.R.Civ.P. 12(d).

[15]    *Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n. 6 (5th Cir. 1994).

[16]    *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011); *Cinel v. Connick*, 15 F.3d 1338, 1343 n. 6 (5th Cir. 1994).

[17]    See Fed. R. Evid. 201(b)(2) ("The court may judicially notice of a fact that is not subject to reasonable dispute because it. . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").  See, also, *Krystal One Acquisitions, L.L.C. v. Bank of America, N.A.*, 805 Fed. App'x 283, 287 (5th Cir. 2020) (taking judicial notice of filings from prior lawsuits); *Johnson-Williams v. Citimortgage, Incorporated*, 750 Fed. App'x 301, 303-04 (5th Cir. 2018) ("the district court properly took judicial notice of the previous court judgments and opinions."); *Claudio D. v. Countrywide KB Home Loans*, No. 3:14-CV-3969-K, 2016 WL 1003839, at *5 (N.D. Tex. Feb. 22, 2016), report and recommendation adopted, 2016 WL 950322 (N.D. Tex. Mar. 13, 2016) (taking judicial notice of bankruptcy court filings).

[18]    11 U.S.C. § 541(a)(1).

construed broadly to include any legal claims based on federal or state law.[19]   A debtor is obligated to disclose all legal claims, both pending and potential.[20] Notably, courts have held that "[c]auses of action need not be formally filed prior to the commencement of a bankruptcy case to become property of the bankruptcy estate."[21]   The debtor must disclose a potential claim if he has enough information to suggest that he has such a claim, even if he does not know all of the underlying facts or the legal basis of the claim.[22]   Further, "[a]n action must be prosecuted in the name of the real party in interest."[23]

"Once an asset becomes part of the bankruptcy estate, all rights held by the debtor in the asset are extinguished,"[24]   the appointed bankruptcy trustee becomes "the representative of the bankruptcy estate,"[25] and the trustee becomes the real party in interest and "the only party with standing to prosecute causes of action belonging

---

[19]     *In re Seven Seas Petroleum, Inc.*, 522 F.3d 575, 584 (5th Cir. 2008).

[20]     *Kane v. Nat'l Union Fire Ins. Co.*, 535 F.3d 380, 384-85 (5th Cir. 2008).

[21]     *Lawrence v. Jackson Mack Sales, Inc.*, 837 F.Supp. 771, 779 (S.D. Miss. 1992), affirmed, 42 F.3d 642 (5th Cir. 1994).

[22]     *In re Coastal Plains, Inc.*, 179 F.3d 197, 208 (5th Cir. 1999).

[23]     Fed. R. Civ. P. 17(a).

[24]     *Kane v. Nat'l Union Fire Ins. Co.*, 535 F.3d at 385.

[25]     *Kane v. Nat'l Union Fire Ins. Co.*, 535 F.3d at 385.

to the estate."[26]  In other words, "the bankruptcy trustee. . . has exclusive standing to assert undisclosed claims that fall within the bankruptcy estate."[27]

In a Chapter 7 bankruptcy, such as that of Mr. Matthews, undisclosed and unscheduled property remains the property of the estate, unless it is abandoned by the trustee or administered in the bankruptcy proceedings.[28]  If a cause of action is neither abandoned by the trustee nor administered in accordance with the bankruptcy code, it remains property of the bankruptcy estate,[29] and the debtor has no standing to pursue it, even after his or her debts are discharged and the case is closed. However, if a debtor fails to schedule an asset that he is obliged to disclose, such as a pending or potential claim, and the trustee later learns that such an asset exists, the bankruptcy proceeding may be reopened to allow the claim to be administered on behalf of the creditors of the bankruptcy estate.[30]

In this case, the plaintiff filed his Chapter 7 voluntary bankruptcy petition in January 2018.  He did not list his wrongful termination claim on the schedules he submitted to the bankruptcy court.  The plaintiff argued that he did not know that he

---

[26]     *Kane v. Nat'l Union Fire Ins. Co.*, 535 F.3d at 385.

[27]     *United States ex rel. Spicer v. Westbrook*, 751 F.3d 354, 362 (5th Cir. 2014) (citing *Wieburg v. GTE Southwest Inc.*, 272 F.3d 302, 306 (5th Cir. 2001)).

[28]     *Kane v. National Union Fire Ins. Co.*, 535 F.3d at 385.

[29]     11 U.S.C. § 554(d).

[30]     *Cargo v. Kansas City Southern Ry. Co.*, 408 B.R. 631, 637 (W.D. La. 2009).

had to disclose the claim and that he had two lawyers – one for the bankruptcy and one for this suit – and neither was initially aware of the other's representation of Mr. Matthews. Once his personal injury lawyer learned that the claim should have been disclosed in the bankruptcy proceeding, she contacted the bankruptcy lawyer, and a motion to reopen the bankruptcy proceeding was filed and a hearing was scheduled. However, all of the facts underlying Mr. Matthews's claims against the defendants in this case were known to him before he sought bankruptcy protection. Thus, the claims asserted in this lawsuit became the property of the bankruptcy estate when the bankruptcy proceeding was initiated, even though Mr. Matthews had not yet filed this action and even though the wrongful termination claim was not listed on the bankruptcy schedules. Because the claims later asserted in this lawsuit became the property of the bankruptcy estate, all of Mr. Matthews's rights in the claims were extinguished. Under Rule 17(a), the bankruptcy trustee was the proper party plaintiff to assert those claims. The bankruptcy proceeding was reopened to allow Mr. Matthews to add the claims arising out of his allegedly wrongful termination to his schedules, but the bankruptcy trustee – not Mr. Matthews – had standing to litigate the claims. The trustee negotiated a settlement of the claims, and the settlement was approved by both the bankruptcy court and by the district court, on appeal.

When "a court concludes that a debtor lacks standing to pursue claims in an action because he is not a real party in interest, the court may allow the bankruptcy

trustee to be joined or substituted as [the] plaintiff" before dismissing the action.[31]

Similarly, under Fed. R. Civ. P. 17(a)(3), a court may not dismiss an action "for

failure to prosecute in the name of the real party in interest until, after an objection,

a reasonable time has been allowed for the real party in interest to ratify, join, or be

substituted into the action."[32]  Therefore, the bankruptcy trustee would ordinarily be

allowed a reasonable time to ratify, join, be substituted, or take other action with

respect to the plaintiff's claim.[33]  In this case, the bankruptcy trustee has known

about the claims asserted in this lawsuit for quite some time but made no effort to

join or be substituted in for the plaintiff in this lawsuit.  Furthermore, the trustee

already appeared in the other lawsuit brought in this venue and confirmed that the

claims asserted in this lawsuit were settled.  There is no need for the bankruptcy

trustee to appear in this lawsuit as well.

Because he lacks standing to assert the claims set forth in his complaint, Mr.

Matthews failed to establish a plausible basis for recovery, and the defendants'

motion to dismiss should be granted.

---

[31]    *Hatherly v. Mid-Continent Casualty Co.*, No. C-05-583, 2006 WL 1897266, at *2 (S.D. Tex. July 10, 2006).

[32]    Fed. Rule Civ. P. 17(a)(3).

[33]    See, e.g., *Bauer v. Dean Morris, L.L.P.*, No. 08-5013, 2011 WL 1303814, at *6 (E.D.La. Mar. 30, 2011) (allowing the bankruptcy trustee time "to determine whether to move to substitute himself in place of [the plaintiff] as the plaintiff in this matter" before dismissing the plaintiff's claims on lack of standing grounds).

11

C.     <u>The Settlement of Mr. Matthews's Claims</u>

The compromise and settlement of litigation is favored under Louisiana law and jurisprudence,[34] and the claims asserted in this lawsuit have already been compromised and settled by the bankruptcy trustee.  The bankruptcy trustee was the appropriate and exclusive person in interest to negotiate a settlement of the claims arising out of the allegedly wrongful termination of Mr. Matthews's employment because the facts underlying the claims were known to Mr. Matthews when he initiated his bankruptcy proceeding.   At all times since this suit was filed, Mr. Matthews lacked standing to litigate the claims asserted in this lawsuit.

Accordingly,

IT IS RECOMMENDED that the defendants' motion to dismiss for lack of standing (Rec. Doc. 23) should be GRANTED, the court should take judicial notice of the settlement of Mr. Matthews's claims, and this lawsuit should be dismissed with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of

---

[34]    *Ingram Corp. v. J. Ray McDermott & Co., Inc*., 698 F.2d 1295, 1321-22 (5th Cir. 1983) (citing *Mongrue v. State Farm Mutual Automobile Liability Insurance Co*., 396 So.2d 466, 468 (La. App. 4th Cir. 1981)).

12

Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.[35]

Signed at Lafayette, Louisiana, this 30th day of June 2020.

_____

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[35]       See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1).